LEOPOLD BOUCHER *et al. vs.* ERNEST J. MAILLOUX, *T. C.*

OCTOBER 29, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. This is a petition for a writ of mandamus. It is brought by certain candidates for town offices in the town of West Warwick and is directed to the respondent, as town clerk of that town, commanding him to certify to the secretary of state, according to law, the names of the Republican party candidates for town offices to be voted upon at the election to be held in that town on November 8, 1938.

The petitioners allege substantially that, at a legally held convention of the Republican party in the town of West Warwick, they were duly nominated to be that party's candidates for various town offices, to be voted upon at the general election to be held on November 8, 1938; that the Republican town committee failed or neglected to file the list of their nominations with the proper official before five o'clock on October 4; and that, by reason of such failure or neglect, "the Republican state committee and the executive committee thereof by its officers thereunto duly authorized and selected to seasonably file said list of nominations for the offices above specified with the town clerk of said town of West Warwick and with the secretary of state, filed a list of nominations on October 5, that being the day following the last day upon which the Republican town committee of said town could by law have filed said list of nominations"; that two of such nominees filed, on October 6, their written withdrawals from such nominations and that "the Republican state committee and the executive committee thereof by its officers thereunto duly authorized and selected did file" with the town clerk and with the secretary of state, the names of two other qualified electors to be substituted therefor; that the petitioners and all the candidates so nominated and filed are duly qualified electors of the town of West Warwick; and that the respondent has refused to certify their names and addresses to the secretary of state in accordance with law, to enable the secretary of state to place them upon the proper ballot labels for the voting machines to be used at the election to be held in said town on November 8, 1938; wherefore, the petitioners pray for a writ of mandamus directing the respondent, as town clerk, to certify to the secretary of state, according to law, the list of Republican party nominations for West Warwick town offices, filed as aforesaid.

The respondent appeared before us in answer to the citation, and a hearing was held at which the petitioners and

respondent were represented by counsel and evidence was introduced. The evidence shows that the respondent refused to accept the list of nominations and the later substitutions for the withdrawals solely because they were filed after 5 p. m. on October 4. The evidence otherwise tended to support generally the allegations of the petition, except in one vital particular. In this latter respect, the evidence left little doubt that the list of nominations in question was filed merely at the instance and by the action of the chairman and secretary of the executive committee of the Republican state committee, and that they were *not* "thereunto duly authorized and selected" by either the state or executive committee to perform such actions. All doubt of this fact was removed by the later admission in open court by counsel for the petitioners that the executive committee had not previously and lawfully delegated to its chairman and secretary any authority to file on behalf of the executive or the state committee the list of nominations and substitutions in question.

The petitioners contend that the provisions of P. L. 1930, chap. 1515, sec. 18, as amended by P. L. 1938, chap. 2640, sec. 1, regulate the time for filing nominations with the town clerk; that they are mandatory as to the town committee but are merely directory as to the state committee, which is vested by the statute with power to fill all vacancies in party nominations which may result from any cause whatsoever; that a reasonable time after 5 p. m. on October 4 must, by inference, be available to the state committee or its agent in filling such vacancies because that committee could not know, until 5 p. m. on October 4, whether there was a failure of the town committee to file nominations and whether there was a vacancy to be filled. The petitioners further argue that chap. 1515, sec. 2, as amended by chap. 2640, sec. 1 vests the state committee of a political party with power to delegate *all* its authority to its executive committee which, in turn, would have power to redelegate that

authority to other individuals or agencies in the performance of the committee's functions.

The respondent contends that the provisions of the statute prescribe the time for filing nominations and substitutions and are mandatory upon him, as upon the town and state committees; that *all* nominations, whether to be filed by the town committee or by the state committee in filling vacancies existing from any cause, must be filed not later than 5 p. m. on October 4 in order to be valid; that the statute does not authorize the state committee to delegate all its powers to the executive committee, so that the latter could in turn redelegate that power to other individuals or agencies; and that, even if the state committee had such power under the statute and did delegate its authority to the executive committee, nevertheless the evidence in the instant case shows that such power was not properly exercised under the law by the executive committee.

In view of the situation thus presented before us upon the evidence and the admissions of counsel for petitioners, we need not consider or decide all of the numerous points raised by the contentions of counsel. Assuming, without deciding, that the petitioners' construction of the statute is correct with reference to the time for filing nominations and substitutions, and to giving the state committee authority to delegate all its power to the executive committee, so as to enable the latter to redelegate such power to others, yet the petitioners here must fail unless they establish that the executive committee did in fact exercise this power, if it had such, in accordance with the provisions of law.

Upon the record and evidence before us, we are of the opinion that this material requirement has not been met by the petitioners. Chapter 1515, sec. 2, as amended by chapter 2640, section 1, in its pertinent parts, reads as follows: "The state committee of a political party shall have general oversight of the matter of calling state . . . and all other conventions relating to party representation, and may issue calls

for caucuses to be held in accordance therewith, and may make rules not inconsistent with law for the guidance and control of the several . . . town committees, and may act in their stead in case of failure to make nominations, or to hold caucuses, or to fill vacancies.

"The state committee of a political party may delegate its authority, by rules or resolutions, to its executive committee, or any duly selected sub-committee thereof, to act when the entire committee is not in session. The state committee, or the executive committee, or any duly selected sub-committee thereof, acting under such delegated authority, may file party nominations for any public office . . . where the town . . . or other party committee authorized to act, has failed or neglected to file such nominations with the proper officials. . . . Any other contingency that arises under the provisions of the statutes where there is a failure on the part of the party committee to act, or where a caucus has been adjudged to be void, *may be met by vote of the state committee, or the executive committee,* or any duly selected sub-committee thereof, of a political party." (italics ours)

Rule XIX of the Republican state committee, which is in evidence, has adopted the essence of the above law in the following pertinent language: *"The Executive Committee, by a majority vote of the members present and voting at any meeting of said committee,* may file party nominations for any public office . . . where the town . . . or other party committee authorized to act, has failed or neglected to file such nominations with the proper officials. Said *Executive Committee* shall *also have like authority* in filling vacancies where party conventions have failed or neglected to file the proper nominations. And said *Executive Committee* shall *also fill vacancies* caused by withdrawals or for any other cause where a time limit is involved, in case of failure on the part of the regular party committee to act at the proper time . . . . Any other contingency that arises under the provisions of the statutes where there is a failure on the part

of the party committee to act, *may be met by vote of the Executive Committee.*" (italics ours)

Rule VI provides, among other things, that: "Nine members of the Executive Committee shall constitute a quorum thereof.

"Said *Executive Committee* shall have all the powers of the State Central Committee when the latter is not in session, except to expel or suspend members . . . ." (italics ours)

In our opinion it is clear from this language of the statute and the rules of the state committee that, if the executive committee was lawfully authorized to redelegate to other individuals or agencies the power to fill vacancies in party nominations resulting from any cause, then the executive committee must exercise that power in accordance with the rules of the state committee and the law. But upon the evidence and admissions of counsel for the petitioners before us, the executive committee did not hold a valid meeting at which it passed, by a majority vote of those present and voting at such meeting, any vote to authorize its chairman and secretary to act for it, or for the state committee, as required by the rules of the state committee and the law. It follows, therefore, that the questioned acts by the chairman and secretary were merely the acts of individuals, unauthorized by, and not binding upon, the executive committee or the state committee; and that, on their own construction of the statute, it was not, in any event, a valid and proper exercise, in accordance with their own rules and the law, of the power which we have assumed for the purpose of this case was vested in the executive committee.

The petitioners, therefore, have not established by evidence the allegations of their petition but have, by their own evidence, disproved beyond doubt the allegations therein, to the effect that the state committee and the executive committee had duly authorized and selected the chairman and secretary of the executive committee to file the nominations and substitutions in question on October 5 and 6 re-

 495

spectively. Nor does it show that either the state committee or the executive committee had duly-authorized or selected them, or either of them, to perform these acts.

In these circumstances we are constrained to deny the petition and its prayer for relief.

*John L. Curran, Harold A. Andrews, Francis W. Conlan, Roland E. Meunier,* for petitioners.

*Joseph R. McKanna,* Town Solicitor, *Patrick H. Quinn, James W. Leighton, Michael De Ciantis,* for respondent.