Leopold Boucher *et al. vs.* Ernest J. Mailloux, *T. C.*

NOVEMBER 4, 1938.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Per Curiam. This is a petition for a writ of mandamus directed to the town clerk of West Warwick commanding

him to certify to the secretary of state the names and addresses of certain electors of that town who claim that they have been duly nominated as the Republican candidates for town offices in that town to be voted upon at the election of November 8, 1938.

This matter was recently before us in *Boucher* v. *Mailloux,* 61 R. I. 488, M. P. No. 709, in which case the writ was refused for reasons stated in an opinion filed by this court on October 29, 1938. After the filing of that opinion the petitioners asked and received our permission to file the present petition, based on the ground that the defective action which compelled us to deny their first petition had been cured by certain later action taken by the executive committee of the Republican state committee on October 17, 1938, after the hearing on the first petition had been held but before our opinion therein had been filed.

Without reciting here all of the evidence which was developed at the hearing on the first petition, it may be stated that the Republican electors of West Warwick duly nominated in town convention a list of candidates for town offices; that a certificate of nomination of these candidates was duly filled out by the president and secretary of said convention as by law required; that the president of said convention, who was entrusted with said certificate of nomination for delivery to the town clerk not later than 5 p. m. on October 4, 1938, failed to file the same with that official, as required by law; and that on October 5, 1938 the chairman and secretary of the executive committee of the Republican state committee, acting under what they conceived to be proper authority, attempted to file said nominations. In our opinion of October 29, 1938 we decided that in so acting these officers of the Republican party had mistaken the law governing the exercise of the power delegated to the state committee by virtue of the provisions of P. L. 1938, chap. 2640, and had failed to comply with the law and its own rules.

It now appears from the evidence presented before us at the hearing on the instant petition that an attempt was made by the executive committee of the state committee to correct this mistake. On October 17, 1938 the executive committee met and by unanimous vote authorized its chairman and secretary to file a list of nominations for the Republican party for town offices in West Warwick, which nominations were the same as had been made by the Republican town convention, excepting only the names of two candidates on that list who had, subsequent to the convention, declined such nominations.

Pursuant to that vote a typewritten list of such nominations containing substitutions to fill the vacancies caused by the above-mentioned declinations was duly certified by the secretary of the executive committee, but not by the chairman thereof, and was delivered to the respondent town clerk on October 18, 1938 for certification to the secretary of state in accordance with law. The town clerk refused to certify such nominations and the petitioners, being some of the candidates on said list of nominations, brought this petition praying this court to command said respondent to so certify such nominations.

The respondent advances several reasons why he should not be compelled to do so. He contends that said nominations are invalid because they were not filed on October 4, 1938 as expressly required by statute; that if, upon failure of the local committee to file, any time is to be allowed the state committee or the executive committee after that date, it must be within a reasonable time, and a filing on October 18, 1938 is not a reasonable time; that the executive committee in this instance was guilty of laches; that the original certificate of nominations as made by the town convention has not yet been filed by the executive committee; and finally that the authority of the executive committee in attempting to file its list of nominations has not been properly exercised, as it appears that such committee voted to au-

thorize and direct the chairman and secretary thereof to file such list, whereas only the secretary has exercised such authority according to the certificate filed by him in the respondent's office.

Each of these contentions is not without considerable force. Conceivably upon more consideration and careful analysis of the somewhat confusing provisions of chap. 2640 any one of these contentions might well be found to be decisive of this case. However, we shall consider here only the contention of the respondent, that the executive committee did not act in time, as such contention, in our view, is clearly and finally decisive of the case. For the purpose of such consideration we shall assume, without deciding, that all the requisites necessary to a proper filing of the nominations by the executive committee on October 18, 1938, other than the time of filing, have been complied with in accordance with the statute.

The fundamental and controlling question raised by this contention is whether the provision of the statute requiring nominations to be filed not later than 5 p. m. on October 4 is mandatory and binding upon the state committee where the local committee has failed to file at the proper time. We are of the opinion that, while this provision is mandatory and absolutely binding so far as the local committee is concerned, it is not equally binding upon the state committee, by reason of the fact that the legislature has expressly authorized the state committee to file nominations where the local committee has failed to file at the proper time. In our opinion the legislature in giving the state committee power to file nominations upon certain contingencies must have intended that such committee was to be given at least some additional time after October 4, at 5 p. m., to perform the duty which the local committee had not, until that time, failed to perform. In other words, we must assume that the legislature intended that a failure to file nominations should not be deemed to occur until the time limit specifically pre-

scribed by it for such filing by the local committee had expired.

Public laws 1938, chap. 2640, expressly authorizes the state committee, either by itself or by its executive committee or by some selected sub-committee thereof, to file nominations for any office where the local committee has failed to file such nominations at the proper time. This statute, however, nowhere specified how long a time after October 4 the state committee shall have to avail itself of this privilege. In the absence of such a provision, we are forced, in order to give effect to the legislative intention, to construe the statute to imply that this privilege was to be exercised within a reasonable time.

Now what is a reasonable time? We are of the opinion that a reasonable time in a case of this kind can best be determined by adopting the same period of time which the legislature has itself specified for an analogous situation. In case of withdrawals, the statute provides that a committee of a political party must exercise its privilege to fill vacancies, thus caused in nominations already filed, within a period of "not later than five o'clock in the afternoon on the first day following the last withdrawal day . . . ." G. L. 1923, chap. 11, sec. 18, as amended by P. L. 1938, chap. 2640, sec. 3.

Keeping in mind the primary purpose of these time provisions in our election and caucus laws, namely to mark a definite limit to the period for compliance with certain statutory requisites, we are convinced that we should not hold that a greater time may be allowed for the exercise of the privilege of filing the original nominations than for making substitutions for vacancies occurring in nominations already filed. If the legislature, in the exercise of its legislative discretion deemed one additional day a sufficiently long period for the state committee to exercise its privilege in the one case, we are constrained to hold a like period of time is reasonable in the other, and that a longer time would be

unreasonable and would tend to create indefiniteness and uncertainty in the matter.

The petitioners, however, contend that they actually and substantially met this requirement by the action which the chairman and secretary of the state committee took on October 5, 1938, but, through a mistake of law, did not take in the proper manner. They contend that this mistake should not prevent them from enjoying a place on the ballot on election day and that this court should exercise its broad powers under art. XII of amendments to the state constitution. In making this contention, the petitioners appear to argue that, by reason of this article and the statute passed in pursuance thereof, we may go beyond the limits of the recognized principles upon which the issuance of a writ of mandamus is based and give them relief, according to what we may consider the inherent merit of their case, wholly aside from such recognized principles. We cannot accede to such a contention. To do so would be to go beyond the fair intendment of the language of the article and the statute.

In order to prevail, the petitioners must show a clear legal right which can only be adequately and seasonably guaranteed to them by the issuance of the writ. This they have not done. In consequence of a mistake that was clearly and admittedly a mistake of law, the attempt to file these nominations on October 5, 1938, within one additional day after October 4, 1938, was abortive. The later filing on October 18, 1938, after that mistake was discovered and corrected, clearly came too late and could not be related back to the attempted filing on October 5, which we have previously held was invalid.

For the reasons above stated we are constrained to deny the petition and its prayer for relief.

*John L. Curran, Harold A. Andrews, Francis W. Conlan, Roland E. Meunier,* for petitioners.

*Joseph R. McKanna,* Town Solicitor of West Warwick, *Patrick H. Quinn, James W. Leighton, Michael De Ciantis,* for respondent.